**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

CLAIRESE CLAUDET,

    Plaintiff,

v.                                                                               Case No:  6:16-cv-301-Orl-40TBS

SHERIFF OF OSCEOLA COUNTY, in
his official and individual capacities, and
JOHN DOES 1–100,

    Defendants.

_____

## **ORDER**

This cause comes before the Court on Defendant's Motion to Dismiss (Doc. 13), filed March 11, 2016. Plaintiff has elected not to respond to Defendant's motion.[1] Upon consideration, Defendant's Motion to Dismiss will be granted and this case will be closed.

**I.    BACKGROUND**

This lawsuit arises out of a state court foreclosure judgment entered against pro se Plaintiff and the subsequent actions taken by the Sheriff of Osceola County (the "Sheriff") and other unnamed individuals to enforce that judgment. In her operative complaint, Plaintiff alleges six claims. First, Plaintiff seeks a declaration from this Court finding that the state court foreclosure judgment is void. Second, Plaintiff claims that the Sheriff conspired with others to violate her rights under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692–1692p. Third, Plaintiff brings a claim against the Sheriff under 42 U.S.C. § 1983

---

[1]  On May 19, 2016, the Court ordered Plaintiff to show cause why Defendant's Motion to Dismiss should not be granted. (Doc. 19). Plaintiff has not responded either to Defendant's motion or to the Court's Order to Show Cause. The Court accordingly considers Defendant's Motion to Dismiss without opposition from Plaintiff.

for allegedly violating her constitutional rights. Fourth, Plaintiff alleges that the Sheriff conspired with others to enforce a wrongful foreclosure. Fifth, Plaintiff alleges violations of the Sherman Antitrust Act (the "Sherman Act"), 15 U.S.C. §§ 1–15. And sixth, Plaintiff claims that the Sheriff violated her rights under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.201–.213. The Sheriff now moves to dismiss all six claims for various reasons.

## II.   DISCUSSION

### A.   All Claims Against Fictitious Parties Must be Dismissed

As a preliminary matter, the Court notes that Plaintiff alleges some of her claims against 100 John Doe defendants who she has not been able to identify but is nevertheless convinced have engaged in misconduct. However, "[a]s a general matter, fictitious-party pleading is not permitted in federal court." *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010) (per curiam). A limited exception to this rule arises when the plaintiff, although without knowledge of the fictitious party's true identity, describes the party with such particularity that the party can reasonably be found and served with the complaint. *See id.* Here, Plaintiff's Amended Complaint wholly fails to describe any of the John Doe defendants. Indeed, Plaintiff essentially concedes in her pleading that she has no idea who any of the John Does are. Accordingly, all claims against the 100 John Doe defendants will be dismissed.

### B.   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Declaratory Judgment Claim

In his motion, the Sheriff first moves to dismiss Plaintiff's declaratory judgment claim based on the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine is a well-established jurisdictional limit which prohibits federal courts from exercising subject matter jurisdiction over final state court judgments or proceedings. *Nicholson v. Shafe*, 558 F.3d 1266, 1268

(11th Cir. 2009). The doctrine specifically applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In her claim for declaratory judgment, Plaintiff specifically asks the Court to invalidate the final foreclosure judgment entered against her by the state court, thereby directly invoking the *Rooker-Feldman* doctrine. As a result, the Court lacks subject matter jurisdiction over Plaintiff's declaratory judgment claim and it will be dismissed.

### C. Plaintiff Lacks Standing to Bring a Claim Under the Sherman Act

Next, the Sheriff moves to dismiss Plaintiff's Sherman Act claim for lack of standing. A plaintiff's lack of standing to bring a claim deprives a federal court of subject matter jurisdiction over that claim. *See Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1146 (2013). In order to have standing to assert a claim under the Sherman Act, the plaintiff must first demonstrate that she suffered an antitrust injury. *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1272 (11th Cir. 2014). An antitrust injury is "injury of the type the antitrust laws were intended to prevent" and should "reflect the anticompetitive effect either of the violation or of the anticompetitive acts made possible by the violation." *Palmyra Park Hosp., Inc. v. Phoebe Putney Mem'l Hosp.*, 604 F.3d 1291, 1299 (11th Cir. 2010) (quoting *Brunswick Corp. v. Pueblo Bowl-O-Mat, Inc.*, 429 U.S. 477, 489 (1977)). Upon review of Plaintiff's Amended Complaint claim, Plaintiff alleges no injury reflecting the anticompetitive nature of any conduct by the Sheriff. Plaintiff therefore lacks standing to bring a claim under the Sherman Act and that claim will be dismissed.

### D. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983

The Sheriff also moves to dismiss Plaintiff's § 1983 claim pursuant to Federal Rule of Civil Procedure 12(b)(6). In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim is not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* The district court must accept all well-pleaded allegations within the complaint as true and must read the complaint in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam). When a party proceeds pro se, the district court owes an additionally duty to liberally construe the pro se party's pleadings and briefs. *Tennyson v. ASCAP*, 477 F. App'x 608, 609–10 (11th Cir. 2012) (per curiam).

Section 1983 is the procedural mechanism for vindicating constitutional rights violated by persons acting under color of state law. Accordingly, in order to state a § 1983 claim, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Woods v. Miller*, 215 F. App'x 796, 797 (11th Cir. 2007) (per curiam) (quoting *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)). As the Sheriff observes in his motion to dismiss, it is entirely unclear what conduct Plaintiff alleges the Sheriff engaged in which deprived Plaintiff of her federal constitutional rights. The most the Court is able to glean from Plaintiff's Amended Complaint is the unsupported and conclusory assertion that the Sheriff aided and protected certain unnamed "attorneys and corporate financial entities" in enforcing the state court foreclosure judgment. Without more,

Plaintiff's allegations fail to satisfy the pleading requirements of Rule 12(b)(6).  Plaintiff's § 1983 will consequently be dismissed.

### E. The Court Declines to Exercise Supplemental Jurisdiction Over Plaintiff's FDUTPA and Civil Conspiracy Claims

Finally, the Court declines to exercise supplemental jurisdiction over Plaintiff's remaining FDUTPA and civil conspiracy claims.  Title 28 U.S.C. § 1367 permits a district court to decline the exercise of supplemental jurisdiction over pendent state law claims where the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).  Here, the Court has dismissed all claims which invoke the Court's federal question jurisdiction under 28 U.S.C. § 1331.  Because the parties in this case are not diverse and the Amended Complaint asserts no other basis for exercising original jurisdiction over Plaintiff's state law FDUTPA and civil conspiracy claims, the Court will decline to exercise supplemental jurisdiction over those claims.  Plaintiff's FDUTPA and civil conspiracy claims will therefore be dismissed.

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Defendant Sheriff's Motion to Dismiss (Doc. 13) is **GRANTED**.  Plaintiff's Amended Complaint (Doc. 5) is **DISMISSED**.  The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on October 20, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties